**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LEWIS LAMONICA,** | ) | |
| **ID # 39407-177,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:17-CV-2738-D (BH)** |
| | ) | **No. 3:09-CR-235-D** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (doc. 2), should be **DENIED** with prejudice as barred by the statute of limitations.

## I. BACKGROUND

Lewis Lamonica (Movant) challenges his federal conviction and sentence in Cause No. 3:09-CR-235-D. The respondent is the United States of America (Government).

On August 18, 2009, Movant was charged by indictment with bank robbery in violation of 18 U.S.C. § 2113(a), (d) (counts one, three, five, six, and seven), using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (counts two and four), and bank robbery in violation of 18 U.S.C. § 2113(a) (counts eight, nine, and ten). (*See* doc. 12.)[1] He pleaded guilty to all counts, except for count four, on October 16, 2009. (*See* doc. 25.)

At sentencing on January 15, 2010, counsel argued that the firearm was inoperable:

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:09-CR-235-D.

> Now, from what I understand this firearm does not work and it's not something that even a gunsmith could turn into a firearm that would work. I don't know if this gun has even been fired. ... The barrel was plugged with some type of metal slag, the firing mechanism was disabled. So even if [Movant] had wanted to have used this gun he could not have. And the gun was not only nonfunctional, [Movant] knew it wasn't functional. And that, of course, raised some issues for me as his defense attorney. And I explored all the law and did all the research and learned that the fact that the gun is not operational does not exempt [Movant] from the reach of 924(c).

(doc. 26 at 8-9.) He compared the firearm to a replica firearm and asked the Court to take into consideration that the sentencing guideline would be lower if the firearm had been a replica. (*See id*. at 9-11.) He argued that "[t]he only difference would be the replica gun never could fire a firearm (sic) and the gun that [Movant] used can't fire – or never could fire a bullet – that the firearm that [Movant] used now could have fired a bullet some period of time ago." (*See id*. at 10.) Movant was sentenced to 135 months' imprisonment for counts one, three, and five through ten, to be served concurrently, and to 84 months' imprisonment for count two, to be served consecutively. (*See* doc. 22 at 2.) Count four was dismissed. (*See* doc. 22 at 1.) He did not appeal.

Movant's § 2255 motion was signed on September 30, 2017, and received on October 5, 2017. (No. 3:17-CV-2 738-D, doc. 2 at 7.) It alleges that he is actually innocent of the conviction under § 924(c) (count two) because the weapon was not a firearm under 18 U.S.C. § 921(a)(3), and that counsel was ineffective for failing to investigate whether the weapon was a firearm and incorrectly advising him that the condition of the weapon did not matter. (*See id*. at 4-5, doc. 3 at 18-31.) The Government filed a response on February 2, 2018, contending that the motion to vacate was untimely. (*Id*., doc. 7 at 3-18.)

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v.*

*United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**A. Calculation of One-Year Period**

With regard to § 2255(f)(1), the judgment became final on February 2, 2010, when the time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing a 14-day period to appeal from judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of time to file an appeal). The limitations period expired on February 2, 2011.

Movant argues that his § 2255 motion was timely under § 2255(f)(4).[2] (*See* No. 3:17-CV-2738-D, doc. 3 at 15-18.) He contends that the weapon he used in bank robberies was not a firearm under § 921(a)(3), which provides that "'firearm' means ... any weapon (including a starter gun)

---

[2] Movant does not allege that government action prevented him from filing a § 2255 motion earlier under § 2255(f)(2), and he does not assert a new right under § 2255(f)(3).

which will or is designed to or may readily be converted to expel a projectile by the action of an explosive," because it was a Perfecta 8mm starter pistol "with the barrel plugged and the trigger assembly inoperable." (*Id*. at 34, 36.) He told counsel that the firearm was a starter pistol that was not functional, but counsel said that "firearm is a firearm." (*See id*. at 34-35.) A police report obtained by counsel stated that the barrel was plugged, the trigger assembly was not functioning, and the weapon was not functional. (*See id*. at 35, 46.) He contends that counsel did not investigate the weapon's condition and did not inform him that the weapon was not a firearm. (*See id*. at 35.)

Movant claims he did not have the ability to research whether the weapon was a firearm in prison, so he asked others to assist him in obtaining information about the weapon. (*See id*.) He found reports stating that the Perfecta was no longer made and that it was not offered for sale in the "used market." (*See id*. at 37.) He learned that the weapon in its original state could not expel a projectile, and that it was not designed to do so. (*See id*.) Without an actual Perfecta, it could not be determined whether it could be readily converted to fire a projectile, however. (*See id*.) He searched for a Perfecta for sale for several years. (*See id*. at 16.)

A researcher located a firearms expert who said in a report dated September 16, 2016, that a starter pistol may not be firearm under the statute unless it could be readily converted to expel a projectile by the action of an explosive. (*See id*. at 37.) The expert located a Perfecta for sale, and the researcher purchased it on October 12, 2016. (*See id*. at 37-38.) The Perfecta was examined by a "metalworking expert" (metalworker) who was experienced in firearms. (*See id*. at 38.) According to his report, which was dated April 27, 2017, the Perfecta is a starter pistol that was designed to only fire blank ammunition. (*See id*. at 54.) He determined that a conversion of it to expel a projectile by the action of an explosive is probably not possible, and even if it were possible,

it could not use commercially available ammunition. If ammunition could be made to fit, attempting to fire a bullet would result in a catastrophic failure. (*See id*. at 54, 59-60.) Movant asserts that his § 2255 motion is timely because it was filed within one year of his researcher obtaining a Perfecta for testing. (*See id*. at 17-18.)

Movant was aware that the weapon was a starter pistol, he was aware of its condition, and he had doubts that it was a firearm before his conviction became final. Counsel was also aware of the condition of the weapon and believed that not "even a gunsmith could turn [it] into a firearm that would work." Counsel researched the issue and apparently concluded that it was a firearm. The facts concerning the nature of the weapon and whether it was a firearm were available before the conviction was final. Movant has not shown that the facts supporting his claim could not have been discovered through due diligence before his conviction was final, despite the September 2016 and April 2017 expert reports. *See Danko v. Stephens*, No. 3:15-CV-2683-L, 2016 WL 791496, at *2 (N.D. Tex. Jan. 20, 2016), *rec. adopted* 2016 WL 775850 (N.D. Tex. Feb. 29, 2016) (finding that the limitations period under the factual predicate date of 28 U.S.C. § 2244(d)(1)(D) did not begin when the petitioner obtained the reports of ballistics experts that supported his contention that he never pointed his firearm at police officers because he had not shown that he could not have discovered the facts before his conviction became final).[3] The date that the facts supporting the claim could have been discovered through due diligence does not equate to the date on which the movant possesses evidence to support the claim. *See In re Young*, 789 F.3d 518, 528 (5th Cir. 2015). "[The limitations period] begins when the prisoner knows (or through diligence could

[3] Courts do not distinguish between "factual predicate" under § 2244(d)(1)(D) and "facts supporting the claim" under § 2255(f)(4). *Thaw v. United States*, No. 3:15-CV-2920-G, 2016 WL 4623053, at *4 (N.D. Tex. Aug. 16, 2016), *rec. adopted*, 2016 WL 4611106 (N.D. Tex. Sept. 6, 2016).

discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Movant has not shown that § 2255(f)(4) applies.

**B. Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant does not assert a basis for equitable tolling. He has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling.

**C. Actual Innocence**

Movant also contends that he is innocent because the weapon was not a firearm, according to the metalworker's report. In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 386, 399. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Floyd v. Vannoy*, No. 17-30421, 2018 WL 1663749 at *6-7 (5th Cir. Apr. 6, 2018).

Evidence that was "always within the reach of [petitioner's] personal knowledge or reasonable investigation" is not new for purposes of the actual-innocence excuse for untimeliness, however. *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). Movant has not shown that there was evidence of innocence that could not have been discovered through reasonable investigation before trial. Both he and his attorney were aware of the issue regarding whether the weapon was a firearm, so the metalworker's report is not new evidence. *See Cruz v. Stephens*, No. SA-16-CV-167, 2016 WL 3829656, at * (W.D. Tex. July 12, 2016) (forensics expert's opinion that the victim's death was not caused by the petitioner's assault, but by a gunshot wound inflicted by another after

the assault, was not new because the cause of death was an issue at trial and the evidence was within the reach of reasonable investigation). Because Movant has not shown the availability of new evidence not previously available, he has not shown that he is entitled to equitable tolling.[4]

## III. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** this 13th day of June, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

[4] The Government also contends that the metalworker's report is not reliable. Because the report is not new evidence of innocence, this Court does not need to determine whether the report is reliable.